UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH WAHLSTROM and
SUCCESSLINE, INC.,

    Plaintiffs,

v.

    Case No. 15-14113
    HON. DENISE PAGE HOOD

JASON MONK, EDWARD BURLEY,
GLENN VOORHESS, JEANINE
WALKER, and MOUNT CLEMENS
COMMUNITY SCHOOLS BOARD
OF TRUSTEES,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION [#59]

### I. INTRODUCTION

On June 1, 2015, the Court entered an Amended Order Denying Defendants' Motion for Partial Summary Judgment. In that Amended Order, the Court denied Defendant's request that the Court dismiss Plaintiffs' tortious interference claim with respect to Plaintiff Deborah Wahlstrom ("Wahlstrom"). Defendants filed a timely Motion for Reconsideration.

### II. LEGAL STANDARD

In order to obtain reconsideration of a particular matter, the party bringing the

1

motion for reconsideration must: (1) demonstrate a palpable defect by which the Court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E.D. Mich. L.R. 7.1(h)(3). *Brown v. Walgreens Income Protective Plan for Store Managers*, No. 10-CV-14442, 2013 WL 1040530, at *1 (E.D. Mich. Mar. 15, 2013). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).

### III. ANALYSIS

In the Amended Order, the Court concluded that:

It is undisputed that, as of July 31, 2015, (a) Wahlstrom had served as Superintendent of the District for three years, (b) the parties to the Agreement had twice renewed a 12-month contract for her services, and

(c) Wahlstrom had received a rating of 2.8 out 4 on or about June 30, 2015, which was a favorable review according to Board President Earl Rickman. Dkt. No. 43, Ex. B at PgID 543. As Mr. Rickman stated, Wahlstrom "wasn't let go based on her accomplishing goals or anything like that. It must have been something other than those elements." *Id.* Evidence in the record reflects the quality of Wahlstrom's evaluation, Mr. Rickman's statements, the timing of Wahlstrom's reprimand of Defendant Monk, and the other actions she took following the publication of the Anonymous Allegations and the investigative article. The Court concludes that those events establish a genuine dispute of material fact whether there was a reasonable likelihood or probability that Wahlstrom would continue to have a business relationship with the District (serving as its Superintendent) after July 31, 2015, but for the actions of the individual Defendants.

Dkt. No. 58, PgID 1130-31.

Defendants now argue that the Court's conclusion was based on the following palpable defects: (a) there could be no reasonable expectation that Wahlstrom's business relationship would last beyond July 31, 2015 because, as she acknowledged, the average length of time for a superintendent position is 3.5 years, Dkt. No. 49-3, PgID769, and she had already worked as Superintendent for three years; (b) the fact that her contract had previously been renewed did not mean her contract would be renewed again (citing *Grand Rapids Plastics, Inc. v. Lakian*, 188 F.3d 401 (6th Cir. 1999)); and (c) she was in an automobile accident in November 2015 that Wahlstrom admits rendered her no longer physically able to perform as a superintendent.

The Court is not persuaded by Defendants' argument that Wahlstrom had no

3

reasonable expectation of a continued business relationship because she testified that the average length of a superintendent's position is 3.5 years and she already had worked three years as Superintendent for the District. First, Wahlstrom's belief is not controlling on the issue of how long a superintendent holds a position. Second, she testified that the average length of a superintendent position was 3.5 years but she had only worked three years at the time, so she had not yet reached the average at the time of the relevant events. Third, as Defendants note in their filings in a related case,[1] the superintendent who replaced Wahlstrom had worked as the superintendent in the South Lyon school district for 20 years. For these reasons, the Court does not find that it or the parties was misled by a palpable defect.

The Court is not persuaded by Defendants' reliance on *Lakian*. The plaintiff in *Lakian* was an auto parts supplier who contracted to do isolated projects on two separate occasions, in 1990 and 1992 but was not selected for other, isolated and separate projects in 1994 and 1998. *Lakian*, 188 F.3d at 407-08. Unlike Wahlstrom, who provided services for three years, without interruption, and functioned more as an employee, the *Lakian* plaintiff did not have a continuous or employment-type relationship. The Court finds that *Lakian* does not apply to or govern the facts of this case.

---

[1] *See* Case No. 16-11444, Dkt. No. 49, PgID 529-30; Dkt. No. 49-11, PgID 762.

Third, Wahlstrom was involved in a disabling auto accident in November 2015, months <u>after</u> the alleged interference with her business relationship. That accident is irrelevant to the Court's analysis of whether there is a genuine dispute of material fact regarding alleged interference in June and July 2015. Accordingly, the Court declines Defendants' argument.

For the reasons stated above, the Court denies Defendants' Motion for Reconsideration.

## V. CONCLUSION

Accordingly,

IT IS ORDERED that Defendants' Motion for Reconsideration [#59] is **DENIED.**

IT IS ORDERED.

<u>S/Denise Page Hood</u>
Denise Page Hood
Chief Judge, United States District Court

Dated: October 31, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2017, by electronic and/or ordinary mail.

<u>S/LaShawn R. Saulsberry</u>
Case Manager